**26-20423**

---

**IN THE FIFTH CIRCUIT COURT OF APPEALS**
**AT NEW ORLEANS, LOUISIANA**

---

**NGUYEN THANH TU V. ALTUTA, INC., ET AL.**

---

**Original Proceeding from Case No. 4:26-CV-1218**
**United States District Court**
**Southern District of Texas, Houston Division**
**Hon. Lee H. Rosenthal, Presiding**

---

**APPELLANT NGUYEN THANH TU'S MOTION TO REINSTATE**

---

TO THE HONORABLE JUSTICES OF SAID COURT:

Plaintiff-Appellant Nguyen Thanh Tu, also known as Tu Nguyen, respectfully moves under Federal Rule of Appellate Procedure 27, Fifth Circuit Rule 27.1.6, and the Court's Internal Operating Procedures to reinstate this appeal and recall the mandate issued with the September 14, 2026 dismissal order. The transcript-order deficiency that caused the dismissal has now been remedied. Appellant submitted the corrected transcript order form to this Court contemporaneously with this motion, and this motion is being filed immediately receiving the authorization to do so after dismissal. Reinstatement therefore satisfies both requirements stated in the

Court's Internal Operating Procedures and will permit resolution of the appeal on its merits.

## BACKGROUND

1. Appellant filed his notice of appeal in the Southern District of Texas on July 29, 2026. *See* Notice of Appeal at Exhibit 1.

2. A transcript of the May 22, 2026 hearing on the show-cause order before the Honorable Lee H. Rosenthal is necessary for the appeal. Appellant's counsel timely undertook to order that transcript.

3. On August 11, 2026, within fourteen days after the notice of appeal, counsel completed and filed a DKT-13 transcript order form in the district court. The form mistakenly identified Mayra Malone as the court reporter. See August 11, 2026 Order Form, attached hereto as Exhibit 2.

4. After learning that Lanie Smith was the correct court reporter, counsel corrected the form the next day. On August 12, 2026—still within fourteen days after the notice of appeal—counsel filed an amended DKT-13 transcript order form in the district court identifying Lanie Smith. *See* August 12, 2026 Order Form, attached hereto as Exhibit 3.

5. Although the corrected transcript order form was timely filed in the district court, counsel inadvertently did not separately file a copy in this Court. A case number before this Court was not available. The omission was a filing error, not an

abandonment of the appeal. Counsel had prepared and filed the transcript order, corrected the reporter's identity within one day, and continued to pursue the requested transcript.

6. Arrangements for payment were made with the Court reporter on August 13, 2026.

RE: Request for Transcript in Cause No. 4:26-CV-1218

Misty Hataway-Cone
To Lanie Smith; Regan Smith

Reply | Reply All | Forward | ...

Thu 8/13/2026 11:38 AM

Yes, I received it.

**From:** Lanie Smith <Lanie_Smith@txs.uscourts.gov>
**Sent:** Thursday, August 13, 2026 11:36 AM
**To:** Misty Hataway-Cone <misty@conepllc.com>; Regan Smith <Regan@conepllc.com>
**Subject:** Re: Request for Transcript in Cause No. 4:26-CV-1218

I emailed your transcript and filed it. Please let me know that you've received it. It was sent from laniems@comcast.net.

**From:** Misty Hataway-Cone <misty@conepllc.com>
**Sent:** Thursday, August 13, 2026 10:26 AM
**To:** Lanie Smith <Lanie_Smith@txs.uscourts.gov>; Regan Smith <Regan@conepllc.com>
**Subject:** RE: Request for Transcript in Cause No. 4:26-CV-1218

**CAUTION - EXTERNAL:**

Payment sent via Zelle.

*See* Email with Court Reporter, attached hereto as Exhibit 4.

7. On September 14, 2026, the Clerk of this Court dismissed the appeal for want of prosecution under Fifth Circuit Rule 42.3 because Appellant had failed to timely file a transcript order form in this Court. The dismissal order issued as the mandate. A true and correct copy is attached as Exhibit 5. On September 14, 2026, undersigned counsel was in a full day pretrial hearing in the 281st Judicial District of Harris County, in Cause No. 2023-04750; *Baig v. JB Motor Carrier, LLC*. Upon returning to the office, undersigned counsel reviewed the file materials and identified the issue.

8. Counsel acted immediately upon receiving the dismissal order. Counsel attempted to submit the corrected DKT-13 transcript order to this Court on September 15, 2026 but was unable to do so because Counsel had not received the right to file in this matter. Counsel filed a Notice of Form For Appearance on September 15, 2026. *See* Notice of Form For Appearance, attached hereto as Exhibit 6.

9. Thereafter, Counsel made a subsequent attempt to file on September 16 but had still not received the requisite authorization to file the transcript order.

10. Counsel finally received filing rights in this proceeding on September 17, 2026 and has now submitted the corrected DKT-13 transcript order form to this Court and files this motion on September 17, 2026, three days after dismissal.

## ARGUMENT

11. The Court's Internal Operating Procedures state that a case dismissed by the Clerk under Fifth Circuit Rule 27.1.6 normally will be reinstated when "the deficiency which caused the dismissal has been remedied" and "the motion for reinstatement is made as soon as reasonably possible and in any event within 45 days of dismissal." **Both conditions are met.**

12. First, the deficiency has been remedied. The corrected transcript order form identifies the proper reporter and has now been submitted to this Court. Appellant also filed the corrected form in the district court on August 12, 2026,

within fourteen days after filing the notice of appeal. Thus, the transcript was timely requested at the district-court level; the default consisted of counsel's failure to duplicate that filing in the appellate docket.

13. Second, this motion is prompt. The Court dismissed the appeal on September 14, 2026, and Appellant moved for reinstatement on September 17, 2026. That is both as soon as reasonably possible and well within the forty-five-day period recognized by the Court's Internal Operating Procedures.

14. Third, the circumstances demonstrate diligence rather than abandonment. Counsel ordered the necessary proceeding but mistakenly failed to file the form in the Fifth Circuit. Both the original and amended forms were filed in the district court. The omission was limited to filing the corrected form in this Court. Once the dismissal disclosed that omission, counsel cured it immediately.

15. Reinstatement will not unfairly prejudice Appellees. The appeal is at an early procedural stage, the transcript-order issue has been cured, and reinstatement will merely restore the appeal to the posture it occupied before the administrative dismissal. In contrast, refusing reinstatement would impose the severe consequence of forfeiting appellate review because of a correctable filing mistake despite Appellant's timely efforts to obtain the transcript.

16. Because Appellant has cured the deficiency and sought reinstatement promptly, the Court should exercise the authority delegated under Fifth Circuit Rule

27.1.6, recall the mandate entered under Fifth Circuit Rule 42.3.4, and reinstate the appeal.

## **PRAYER**

WHEREFORE, PREMISES CONSIDERED, Appellant Nguyen Thanh Tu requests that this Court grant this motion, recall the mandate, reinstate Appeal No. 26-20423, accept the corrected transcript order form as filed, and grant any further relief to which Appellant may be entitled.

Respectfully submitted,

**CONÉ PLLC**

By: *<u>/s/ Misty A. Hataway-Coné</u>*
Misty A. Hataway-Coné
State Bar No. 24032277
Misty@conepllc.com
2019 Washington Ave. Ste. 201
Houston, Texas 77007
Phone: 713-955-2729
Fax: 806-243-5753
**COUNSEL FOR APPELLANT**
**NGUYEN THANH TU**

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that a true and correct copy of the foregoing document has been forwarded to all counsel of record in accordance with the Federal Rules of Civil Procedure on September 17, 2026.

*/s/ Misty A. Hataway-Coné*
**Misty A. Hataway-Coné**

**CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMIT, TYPEFACE REQUIREMENTS, AND TYPE-STYLE REQUIREMENTS**

1. This document complies with the word limit of Fed. R. App. P. 27(d)(2)(A) of 5,200 because, excluding the parts of the document exempted by Fed. R. App. P. 32(f) and:

This document contains 973 words.

2. This document complies with the typeface and typestyle requirements of Fed. R. App. P. 28(d)(1)(E) because:

This document has been prepared in a proportionally spaced typeface using Microsoft 365 Word in 14 point Times New Roman.

*/s/ Misty A. Hataway-Coné*
**Misty A. Hataway-Coné**
Attorney for Plaintiff-Appellant
Nguyen Thanh Tu

Dated: September 17, 2026